IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAWN SHETTERLY, et. al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action   02-862 |
| | ) |
| SONY ELECTRONICS, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

Conti, District Judge.

Pending before this court is plaintiffs' Rule 54(d)(1) Motion for Review. (Doc. No. 292). Following a jury trial and verdict, judgment was entered on February 16, 2007, in favor of defendant, Sony Electronics, Inc. ("Sony"), and against plaintiffs, Shawn Shetterly and Bobbi Jo Shetterly ("Shetterlys"). On April 13, 2007, Sony filed a bill of costs requesting a taxation of costs to Shetterlys in the amount of $62,321.22. (Doc. No. 288). The clerk of courts entered a taxation of costs in favor of Sony in the amount of $22,049.36. (Doc. No. 291). Shetterlys filed the pending motion for review asking the court to strike the Clerk's taxation of costs or in the alternative reduce the taxed amount to $9,625.18.[1] For the reasons set forth below, this court grants Shetterlys' motion in part, and orders that Shetterlys pay costs in the amount of $1,500 to Sony.

---

[1] In Sony's response, Sony consents to a reduction in costs of $428.53 for a total taxation of costs of $21,620.83. Plaintiffs also noted a reduction should be made in taxed costs of $13,854.28.

*Relevant Facts*

As part of its Motion for Review, Shetterlys presented evidence of their inability to pay the taxed costs. Specifically, Shetterlys presented affidavits, income tax returns, and bills to reflect their current assets, income and expenses. (Doc. No. 295 ex. 1-4). Mr. Shetterly is disabled and does not work. (Doc. No. 2, ex. 2 at 3). His sole income is derived from a long term disability policy and social security disability benefits. (Id.). After payment of his health insurance premium, his monthly income is approximately $1,300. (Id.). Mrs. Shetterly was terminated from her job and received a $5,000 lump sum payment from her employer and monthly temporary unemployment benefits of $1056. (Id. at 4). Mrs. Shetterly pays $324.67 each month for health and dental insurance. (Id.) Shetterlys have a monthly mortgage payment of $795.97, monthly car payments of $635.80,[2] and a monthly auto insurance payment of $183.14. (Id. at 5). At the present time, therefore, Shetterlys's combined monthly income of $2,356 exceeds their relatively fixed monthly expenses of $1,940 by $416. They would have $416 available for food, clothing, utilities, gasoline for their cars and other necessary expenses. Shetterlys as of June 30, 2007, had a checking account with a balance of $1,600.74 and a savings account with a balance of $823.97. Shetterlys's house is worth $139,000, and the balance of the mortgage is $99,682. Mrs. Shetterly has returned to school, and hopes to find a new job in medical office administration. (Id. at 4). Shetterlys have a six-year-old daughter, Meghan. (Id. at 8).

---

[2]Shetterlys have two monthly car payments. One payment is due in the amount of $279.93 for a 2005 Jeep, and the other payment is due in the amount of $355.87 for a 2003 Jeep.

*Analysis*

Rule 54(d) of the Federal Rules of Civil Procedure provides in relevant part:

> **(d) Costs; Attorneys' Fees.**
> **(1) Costs Other than Attorneys' Fees.** Except when express provision therefor is made either in a statute of the United States or in these rules, <u>costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs</u>; . . . . Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

FED. R. CIV. P. 54(d)(1) (emphasis added).

Although the district court generally has broad discretion in imposing costs, Rule 54 creates a "strong presumption" that costs are to be awarded to the prevailing party. In re Paoli R.R. Yard PCB Litigation, 221 F.3d 449, 462 (3d Cir. 2000). "To overcome the presumption favoring the prevailing party. . . , a district court must '"support that determination with an explanation."'" Id. at 462 (quoting Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897, 926 (3d. Cir. 1985), which quoted Samuel v. University of Pittsburgh, 538 F.2d 991, 999 (3d Cir 1976)). The losing party bears the burden of showing that an award is inequitable under the circumstances. In re Paoli, 221 F.3d at 463.

In addition to reviewing the appropriateness of each individual charge, the district court may consider the following factors when reviewing the award by a clerk of costs: (1) the prevailing party's unclean hands, bad faith, dilatory tactics or failures to comply with process during the course of litigation, and (2) the losing party's potential indigence or inability to pay the full amount of a costs award. Id. at 468. The court should not consider: (1) the losing party's

good faith in pursuing the litigation, (2) the complexity or closeness of the issues, and (3) the relative disparities in wealth between parties.  Id.

In this case, Shetterlys advanced several bases on which to reduce or strike the clerk's award of costs.  Specifically, Shetterlys argue: (1) Sony's petition for costs was not timely filed; (2) Sony exhibited unclean hands in the litigation; (3) Shetterlys' financial situation is such that they can not pay the full amount of the award; and (4) unauthorized items were included in the taxation of costs, and Sony failed to mitigate their costs.

Shetterlys first argue that Sony's request for costs should be denied, because it was not timely filed, alleging Sony did not file the request within the fourteen-day period in which to file a bill of costs may be filed.  At the hearing on this matter on May 22, 2007, for the reasons set forth on the record, this court ruled that Sony's bill of costs was timely filed because no specific time limit exists under Rule 54 for filing a bill of costs.

Next, Shetterlys argue that Sony should be precluded from recovering costs due to "unclean hands" because Sony allegedly withheld emails and photographs from plaintiffs and used an exhibit at trial that was not previously disclosed to plaintiffs.  This court concludes that any issues relating to discovery or the presentation of evidence at trial were raised by Shetterlys at trial and were adjudicated at the time.  The record does not substantiate Shetterlys' claim of "unclean hands" on the part of Sony.

Shetterlys also argue that because of their financial situation, they can not afford to pay the costs and the court should grant relief as a matter of equity.  Shetterlys presented affidavits detailing their financial situation in support of this argument.  According to their affidavits, Shetterlys have a current total monthly income (after paying for Mr. Shetterly's health insurance)

of $2,356. Importantly, this income includes Mrs. Shetterly's monthly unemployment compensation in the amount of $1056 which is temporary in nature. Although Mrs. Shetterly intends to find a job in medical office administration after completing her education, there is no guarantee when or if she will obtain a job in that field or that the monthly income would be sufficient to pay the taxed costs in full. Shetterlys have current relatively fixed monthly expenditures of $1,941.58. Shetterlys, after paying their relatively fixed monthly expenditures have approximately $400 in monthly income. As noted, Shetterlys's listing of expenses does not include expenses for basic necessities such as utilities, food, clothing and gasoline for their cars.

In In re Paoli, the court of appeals instructed a district court to use common sense to assess the ability of a losing party to pay costs:

> [T]here are no hard and fast rules for assessing a losing party's indigence or inability to pay; district courts should use their common sense in making this determination.

In re Paoli, 221 F.3d at 465-66 n.5. Common sense indicates here that Shetterlys will not be able to pay the costs in full. This court finds as a matter of equity that Shetterlys are unable to pay the full costs assessed by the clerk of courts, $22,049.36, or even the proposed adjusted amount of $9,625.18. The court does note, however, that Shetterlys are not destitute; they have some equity in their house and approximately $2,400 in bank accounts. They do have a limited ability to pay some costs. Taking the totality of the circumstances into consideration, this court finds as a matter of equity that Shetterlys have the ability to pay costs in the amount of $1,500.

Finally, Shetterlys argue that some of the costs included in the taxation of costs are not authorized by statute under 28 U.S.C. § 1920 and 28 U.S.C. § 1821, and that Sony failed to mitigate its costs.  Because Shetterlys' proposed adjusted costs under this argument are more than this court finds Shetterlys can afford, the court declines to address these issues.

### *Conclusion*

**AND NOW** this 23rd day of October 2007, after consideration of the motion filed by Shetterlys and the response filed by Sony, the court enters the following order:

The Motion to Review Taxation of Costs filed by Shawn Shetterly and Bobbie Jo Shetterly is **GRANTED** in part, and they are ordered to pay to Sony Electronics, Inc. costs in the amount of $1,500.

By the court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:     Counsel of Record